UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE GENSEY**<br>On Behalf of Herself and Others Similarly Situated<br><br>Plaintiff(s),<br><br>v.<br><br>**HILL WALLACK LLP**<br><br>And<br><br>**NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING**<br><br>Defendant(s). | Civil Case No.<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1. Plaintiff Christine Gensey brings this action on behalf of herself and others similarly situated to abate violations of the Fair Debt Collections Practices Act.

### PARTIES

2. Plaintiff Christine Gensey is a consumer and an owner of her residence located at 2431 Kris Dr., Allentown, PA 18104.

3. Defendant Hill Wallack, LLP ("Hill Wallack") is a Pennsylvania law firm maintaining a principal office at 1000 Floral Vale Boulevard, Suite 300, Yardley, PA 19067. Hill Wallack is a "Debt Collector" as that term is defined by FDCPA 15 U.S.C. § 1692 (a)(6) because it uses the instrumentalities of interstate commerce or the mails to

engage in the principal business of collecting debt and regularly engages in the collection or attempt to collect debts asserted to be due or owed to another.

4. Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") is a foreign business corporation with a principal address of 75 Beattie Place, Suite 300, Greenville, SC 29601. NewRez is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and regularly engages in the collection or attempt to collect debts asserted to be due or owed to another and it obtained the servicing rights to Plaintiffs' mortgage-the debt that is the subject of this suit-after it was allegedly in default.

## JURISDICTION AND VENUE

5. Jurisdiction arises and is proper under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

6. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendants that give rise to this action, occurred in substantial part, in this district.

## STATEMENT OF FACTS

7. Plaintiff purchased her home with her husband, Lester Gensey, on or about June 30, 2005.

8. At the time of the purchase, Plaintiff granted a purchase money mortgage to Cardinal Financial Company, Ltd.

9. In or about 2022, the residential mortgage on her home was serviced by Gregory Funding, LLC.

10. On March 16, 2022, a mortgage foreclosure action was filed in Lehigh County, docketed as *Ajax Mortgage Loan, Trust 2023-B Mortgage Backed Securities Series 2023-B by US Bank Trust Company National Association as Indenture Trustee v. Gensey, et ux.*, No. 2022-C-0585. A true and correct copy is attached as Exhibit A.

11. Although the Plaintiff in the complaint was identified as US Bank Trust Company National Association in its representative capacity (hereinafter "US Bank"), the complaint was verified by Gregory Funding, LLC.

12. After the case proceeded unsuccessfully through the Court's Residential Mortgage Foreclosure Diversion Program, Gensey filed preliminary objections to the complaint on November 21, 2024, based upon the failure of the Plaintiff, US Bank, to properly verify the complaint.

13. US Bank plead over the objections by filing an amended complaint on December 11, 2023.

14. The amended complaint was once again verified by Gregory Funding, LLC, and not US Bank.

15. Gensey filed a second set of preliminary objections to the amended complaint based on the failure of U.S. Bank to verify the complaint.

16. Gensey's objections to the amended complaint were sustained on February 20, 2024, and the plaintiff in the foreclosure action was given leave to file a second amended complaint.

17. On March 8, 2024, a second amended foreclosure complaint was filed. A true and correct copy is attached as Exhibit B.

18. Like the prior complaints, this complaint alleged that the plaintiff was U.S. Bank National Bank Association as the trustee for a securitized mortgage-backed security. The complaint was verified (again) by Gregory Funding, LLC, and indicated that Gregory Funding was acting as an "attorney-in-fact" for U.S. Bank National Association.

19. Gensey filed preliminary objections to the second amended complaint. Gensey objected to the case being prosecuted by an attorney-in-fact, instead of U.S. Bank, without identifying this fact in the caption and body of the complaint as required by to Rule 2002(b)(1).

20. The court sustained Gensey's objections to the second amended complaint and gave Gregory Funding (the actual entity prosecuting the lawsuit) 20 days to file an amended complaint. A true and correct copy of the Order is attached as Exhibit C.

21. In its Order, the Court cited to Rule 2002 of the Pennsylvania Rules of Civil Procedure and explained, "Rule 2002 requires that a plaintiff suing in a representative capacity disclose such in both the caption and complaint." See Exhibit C.

22. Pennsylvania Courts have explained, "[t]his rule was enacted to simplify proceedings by banning legal fictions, technicalities, and the hiding of the real party in interest behind the legal plaintiff." See Craig by Boosel v. Farren, 700 A.2d 543, 545 (1997)(citations omitted).

23. A third amended complaint was never filed in the first foreclosure, and Gensey filed a motion for judgment of non pros with the Court.

24. In or around August 2024, Gregory Funding, LLC sold the servicing rights to Gensey's mortgage to Defendant NewRez.

25. On November 7, 2024, attorneys employed by Defendant Hill Wallack entered their appearance on behalf of plaintiff in the first foreclosure.

26. On November 14, 2024, before a ruling on Gensey's motion for non pros, Hill Defendants caused the mortgage foreclosure action to be voluntarily discontinued.

27. In or around December 2, 2024, Defendant Hill Wallack sent correspondence to Gensey. A true and correct copy is attached as Exhibit D.

28. Enclosed in the December 2nd correspondence was an Act 91 Notice, prepared by Defendants, claiming that Gensey was in default in the amount of $147,985.34.

29. According to the notice, the alleged total included "Total Late Fees" of $50,138.88. The notice stated that to cure the alleged default, Gensey must pay $147,985.34 within thirty (30) days of the notice.

30. The claims of "Total Late Fees" in the amount of $50,138.88 was false. The loan documents provided for a late fee of five percent (5%) of each missed payment, or approximately $53.88 per month. It would take more than seventy-seven (77) years to accrue the late fees demanded by Defendants at that rate.

31. Upon information and belief, the "Total Late Fees" on the notice included, at least in part, mischaracterized attorney fees and related charges for the unsuccessful and improper first foreclosure action.

## Class Allegations

32. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were defendants named in foreclosure complaints from the Defendants, in violation of the FDCPA, as described in this Complaint.

33. This Action is properly maintained as a class action. The Class is initially defined as:

    All natural persons to whom Defendants mailed a letter to a Pennsylvania address substantially in the form of Exhibit D hereto during the twelve months preceding the commencement of this Action which included an Act 91 Notice prepared by Defendants claiming an inaccurate default amount.

34. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were served mortgage foreclosure notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard collection practice of the Defendants involving at least fifty (50) persons.

    b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants has used false, deceptive or misleading statements in connection with its attempts to collect debts from the members of the class;

        ii. Whether the Defendant violated various provisions of the FDCPA by its conduct described herein;

        iii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

        iv. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so,

        what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;

    v. The sum of the FDCPA Defendants' net worth; and

    vi. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories. Likewise, the Defendant's likely defenses (though unavailing) are and will be typical of and materially the same or identical for each of member of the Class and will be based on the same legal and factual theories. There are no valid, unique defenses.

  d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

  e. Damages: The Class members have suffered damages, losses, and harm similar to those sustained by Plaintiff in relation to the improper, unfair, and deceptive collection activities of the Defendant in violation of laws governing their activities.

35. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

36. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

37. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**Count I**
**FAIR DEBT COLLECTION PRACTICES ACT**
**(Class Claim against both Defendants)**
**15 U.S.C. § 1692, et seq.**

38. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as though set forth at length herein.

39. Debt collection activities are to be evaluated based upon the objective standard of the hypothetical "least sophisticated consumer".

40. The December 2nd correspondence constitutes a communication subject to the FDCPA.

41. Defendants sought and demanded an extraordinary sum from the Plaintiff which was not due and owing pursuant to the loan documents.

42. By attempting to collect fees not legally due from the Plaintiff, Defendants used false, deceptive, or misleading representations or means in connection with the collection of consumer debts from the Named Plaintiff in violation of 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), or, in the alternative, 1692f and 1692f(1).

43. Named Plaintiff has suffered actual economic and non-economic damages, as more fully described supra regarding unlawful fees as a result of Defendant's illegal debt collection practices and actions described herein.

44. Defendants' false, misleading and deceptive means of debt collection are material to the least sophisticated consumer.

45. As a result of Defendants' use of these improper tactics, Plaintiff incurred thousands of dollars in costs not only in defending herself in court against these tactics, but in thousands of dollars in unnecessary and improper legal fees that were added to her mortgage loan.

46. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)　Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)　Awarding Plaintiff and the Class statutory damages;

(c)　Awarding Plaintiff and the Class actual damages;

(d)　Awarding pre-judgment interest;

(e)　Awarding post-judgment interest.

(f)　Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)　Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 2, 2025

        */s/ Robert P. Cocco*
        Robert P. Cocco, Esq. (I.D. No. 61907)
        Law Offices of Robert P. Cocco, P.C.
        1500 Walnut Street, Suite 900
        Philadelphia, Pennsylvania 19102
        (215) 351-0200 telephone
        (215) 827-5403 facsimile

        */s/ Sean P. Mays*
        Sean P. Mays, Esq. (I.D. No. 307518)
        The Mays Law Firm, P.C.
        607 Louis Dr., Suite C
        Warminster, PA 18974
        (215) 792-4321 telephone and fax